UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRANDON CARUSILLO and DAVID GATE, *on behalf of himself and others similarly situated*,

                     Plaintiffs,

-v-

FANSIDED, INC., d/b/a FANSIDED, *et al.*,

                     Defendants.

20-CV-4766 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Defendants FanSided, Inc., d/b/a FanSided, and Sportority, Inc., d/b/a Minute Media, d/b/a FanSided (collectively "Defendants"), have filed a motion for reconsideration or clarification of this Court's September 21, 2021 Opinion and Order. (Dkt. No. 87.) Defendants have also filed a motion seeking certification for interlocutory appeal. (Dkt. No. 88.) Plaintiffs Brandon Carusillo and David Gate (collectively "Plaintiffs") oppose the motion. (Dkt. No. 79.)

First, Defendants request clarification about the scope of individuals to whom Plaintiffs are permitted to send notice of the collective action lawsuit. (Dkt. No. 87 at 3–4.) As discussed during the telephonic conference on October 28, 2021, notice is limited to Site Experts who worked during the period from September 4, 2017 to June 22, 2020. Second, Defendants request clarification about when equitable tolling ends. (Dkt. No. 87 at 4.) As discussed during the telephonic conference, equitable tolling for those who choose not to opt into the collective action ends at the completion of the notice period. Third, Defendants argue that the Court should dismiss Carusillo's claim because his contractual relationship with FanSided ended before the publication of the Deadspin article. (Dkt. No. 87 at 5.) This argument is without merit. It is incorrect that the Court concluded that Plaintiffs' willfulness allegations were sufficient based

solely on the publication of the Deadspin article. Indeed, in the September 21, 2021 Opinion and Order, this Court explicitly concluded that Plaintiffs had sufficiently alleged willfulness in part because they claimed that the *Bradley* action was filed in September 2017 and Defendants were aware of the litigation since its inception. (Dkt. No. 73 at 5.)

Finally, Defendants move to certify a question regarding the correct legal standard to apply to determine if a plaintiff is "similarly situated" to those he proposes to represent under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 88.) Defendants contend that the two-step process used by this Court for evaluating the FLSA's "similarly situated" requirement has not been expressly adopted by the Second Circuit. (Dkt. No. 88 at 3.) But in *Glatt v. Fox Searchlight Pictures, Inc.*, the Second Circuit explained that it had previously "endorsed a two-step process for certifying FLSA collective actions." 811 F.3d 528, 540 (2d Cir. 2016); *see also Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020). Defendants have therefore failed to demonstrate that the requirements under 28 U.S.C. § 1292(b) have been satisfied such that an interlocutory appeal is warranted.

Defendants' motions for reconsideration and for certification of an interlocutory appeal are therefore DENIED.

SO ORDERED.

Dated: November 5, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge