IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON CARUSILLO, DAVID GATE, and JOSHUA SIPPIE individually and on behalf of himself and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FANSIDED, INC. d/b/a FANSIDED, SPORTORITY, INC. d/b/a MINUTE MEDIA, d/b/a FANSIDED<br><br>Defendants. | Case No. 1:20-cv-04766-JPO |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT

**AND NOW**, this 8th day of August, 2022, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of the FLSA Collective and Class Action Settlement ("Motion"), the accompanying Collective and Class Action Settlement Agreement ("Settlement Agreement"), the accompanying Notice of Class Action Settlement and Fairness Hearing ("Notice"), which is attached to the Settlement Agreement as Exhibit D, the accompanying memorandum of law, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. The terms used in this Order shall have the same meaning as they are defined in the Settlement Agreement.

2. The proposed settlement set forth in the Settlement Agreement appears, upon preliminary review, to be fair, reasonable and adequate. The proposed settlement is **PRELIMINARILY APPROVED,** subject to further submissions and further findings at the Final Approval Hearing.

3.  For the purposes of settlement only, the Court preliminarily finds that the proposed New York Rule 23 Class, as that term is defined in the Settlement Agreement between the Parties, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for settlement purposes. Accordingly, the Court preliminarily certifies the following proposed Rule 23 Class:

> All individuals who, at any time during the period between January 14, 2016 and the entry of the Preliminary Approval Order, contracted with Defendants as a Site Expert, and whose last known address was in the State of New York.

4.  The Court preliminarily approves Named Plaintiff Joshua Sippie as the Class Representative of the New York Rule 23 Class defined in paragraph 3.

5.  The Court preliminarily appoints James E. Goodley and Ryan McCarthy of the law firm Goodley McCarthy LLC as Class Counsel for the Putative Settlement Class.

6.  RG2 is approved as the Settlement Administrator to perform the notice and administrative services described in the Settlement Agreement.

7.  A Final Approval Hearing will be held by telephone conference on **December 1, 2022, at 12:30 p.m. New York time**, to consider whether to grant final approval of the Settlement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. **Interested parties shall dial 888-557-8511 and enter access code 9300838 at the scheduled time.**

8.  The Notice, attached as Exhibit D to the Settlement Agreement, is approved as to form and content and shall be distributed to New York Rule 23 Class members in the manner described in the Settlement Agreement.

9.  Any New York Rule 23 Class member may request to Opt-Out and to be excluded from the New York Rule 23 Class settlement by submitting a signed request for exclusion in writing to the Claims Administrator. To be effective, such request must be signed and in writing; it must include the individual's name, address, telephone number, an unequivocal statement that the individual requests to be excluded from the settlement; and it must be received by the

Settlement Administrator during the Opt-Out Period (i.e. within 30 days following the date the Notice is sent to members of the New York Rule 23 Class). An Opt-Out may choose to withdraw their written election at any point during the Opt-Out Period.  An Opt-Out election withdrawal must be made in writing; must contain the name, address, and telephone number of the individual withdrawing their election; must be signed by the individual who is withdrawing their Opt-Out election; and must be received by the Settlement Administrator during the Opt-Out Period.

10. Any objection to the Settlement must be in writing and received by the Settlement Administrator during the Objection Period (i.e., within 30 days following the date the Notice is sent to members of the New York Rule 23 Class). To be effective, an objection must include the individual's name and address, a detailed statement of the basis for each objection asserted, the grounds on which the Objector desires to appear and be heard (if any), and, if the Objector is represented by counsel, the name and address of counsel.  Any New York Rule 23 Class member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than 14 days before the Fairness Hearing.

11. In accordance with Section 3.4(b) of the Settlement Agreement, Named Plaintiffs may file a petition for (i) Attorneys' Fees and Expenses Payment; and (ii) Enhancement Payments to the Named Plaintiffs.

12. It is understood that the Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Persons, of any

fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this or any other action may proceed as a collective action under FLSA section 216(b), or a class action under Rule 23 of the Federal Rules of Civil Procedure, or for any purpose other than settlement.

13. By reaching this settlement, Defendants do not waive their right to enforce any otherwise enforceable arbitration agreement(s) (including but not limited to any applicable, class, collective and/or representative waiver) with Named Plaintiffs, any Settlement Class member or anyone else, and this Agreement and the settlement of this action may not be used as evidence of and shall not constitute waiver in any other proceeding of any applicable arbitration agreement(s).

14. This Preliminary Approval Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement Agreement is not finally approved by the Court or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

**So ORDERED.**

August 8, 2022

_____
J. PAUL OETKEN
United States District Judge