IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON CARUSILLO, DAVID GATE, and JOSHUA SIPPIE individually and on behalf of himself and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FANSIDED, INC. d/b/a FANSIDED, SPORTORITY, INC. d/b/a MINUTE MEDIA, d/b/a FANSIDED<br><br>Defendants. | Case No. 1:20-cv-04766-JPO |

## ORDER GRANTING FINAL APPROVAL OF
## FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT

**AND NOW**, December 2, 2022, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of FLSA Collective and Rule 23 Class Action Settlement (the "Motion") and accompanying brief, the accompanying Collective and Class Action Settlement Agreement ("Settlement Agreement"), the representations of all counsel during the December 1, 2022 Fairness Hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Settlement Agreement is **APPROVED** and Motion is **GRANTED** as follows:

1. The Court has jurisdiction over the claims asserted in the Civil Action and over the Parties to the Civil Action.

2. The Court preliminarily approved the Settlement Agreement that is the subject of this Motion by order entered on August 8, 2022 (the "Preliminary Approval Order"). Dkt. 136. A copy of the Settlement Agreement was attached as an exhibit to Plaintiffs' Unopposed Motion for Preliminary Approval of the FLSA Collective and Class Action Settlement, and it is

incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Settlement Agreement.

3. The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the Notice given of the proposed settlement was the best practical notice under the circumstances. The Notice provided fair and adequate notice of the terms of the Settlement Agreement, the Final Approval Hearing, and the New York Rule 23 Class members' right to exclude themselves from or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. Zero (0) New York Rule 23 Class members objected to or requested to exclude themselves from the settlement.

5. On December 1, 2022, the Court conducted a Final Approval Fairness Hearing to consider final approval of the Settlement Agreement and during which the opportunity to be heard was given to all persons requesting to be heard regarding the settlement in this case.

6. The Court has considered all matters submitted to it at the Final Approval Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. The Court approves the Settlement Agreement, including its release of claims, and finds that it:

> a. reasonable compromises and resolves a bona fide disagreement regarding disputed claims between the Parties with regards to the merits of the claims of the Named Plaintiffs, the FLSA Collective, and the New York Rule 23 Class;

   b. is fair, just, reasonable and adequate to, and in the best interest of, the Named Plaintiffs, the FLSA Collective members, and the New York Rule 23 Class members;

   c. demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future;

   d. achieves a definite and certain result for the benefit of the Named Plaintiffs, the FLSA Collective members, and the New York Rule 23 Class members that is preferable to continuing litigation that would necessarily include substantial risk (including the risk of decertification of the FLSA collective, the non-certification of a class, and the risk of loss on the merits), uncertainty, delay, and cost;

7. The Parties' Settlement Agreement includes a list of all FLSA Collective members as Exhibit B.

8. The Court finds that the Settlement Payment Allocation set forth in the Settlement Agreement are approved as a fair, equitable, and as reflecting a reasonable allocation of the Maximum Gross Settlement Amount. Accordingly, the Settlement Agreement is hereby approved in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. and Rule 23 of the Federal Rules of Civil Procedure, and it shall be administered in accordance with its terms.

9. By filing a written "Consent to Join Collective Action Lawsuit" with the Court, the FLSA Collective members gave "consent to become a party plaintiff" in this lawsuit, "to be represented by Goodley McCarthy LLC," and "to be bound by judgment of the Court." The

FLSA Collective members therefore (i) authorized Named Plaintiffs Brandon Carusillo, David Gate and Joshua Sippie and Plaintiffs' Counsel at Goodley McCarthy LLC to act as their agents and to negotiate a settlement of any and all claims they may have against Defendants FanSided Inc. and Sportority Inc. d/b/a FanSided, subject to a review for fairness by the Court; and (2) consented and agreed to be bound by any judgment of the Court or any settlement of this Civil Action that the Court reviews and determines to be fair and reasonable. The Court therefore certifies the Named Plaintiffs as the FLSA Collective representatives and Class Counsel as counsel for the FLSA Collective members, authorizes them to enter into the Settlement Agreement and act on behalf of the FLSA Collective members, and approves the Settlement Agreement on behalf of the FLSA Collective members.

10. The Court also finds that the proposed New York Rule 23 Class, as defined in the Settlement Agreement and for settlement purposes only, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies the New York Rule 23 Class consisting of the following:

> All individuals who, at any time during the period between January 14, 2016 and the entry of the Preliminary Approval Order, contracted with Defendants as a Site Expert, whose last known address was in the State of New York, and who did not timely and validly exclude themselves from the Settlement Class in compliance with the procedures set forth in the Settlement Agreement.

11. For purposes of settlement, the Court approves Named Plaintiff Joshua Sippie, as the Class Representative of the New York Rule 23 Class.

12. For purposes of settlement, the Court appoints James E. Goodley and Ryan McCarthy of the law firm Goodley McCarthy LLC as Class Counsel for the Settlement Class.

13. In accordance with Section 3.4(b) of the Settlement Agreement, Plaintiffs' counsel filed a request for (i) Attorneys' Fees and Expenses Payment; and (ii) Enhancement Payments to the Named Plaintiffs.

14. Based on a full review of Plaintiffs' Motion papers, the Court awards:

   a. Class Counsel a total of $383,333.33 for their fees, costs, and expenses in litigating this lawsuit, to be paid out of the Maximum Gross Settlement Amount; and

   b. each Named Plaintiff an Enhancement Payment of $10,000.00 in recognition of their services as representatives of the FLSA Collective and New York Rule 23 Class, to be paid out of the Maximum Gross Settlement Amount.

15. This Order constitutes final approval of the Settlement Agreement. The Settlement Agreement is binding on the Parties and on all members of the Participating Settlement Class. By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, Named Plaintiffs and Participating Settlement Class members hereby irrevocably and unconditionally forever and fully release Defendants and all Released Parties from any and all Released Claims. The Named Plaintiffs, FLSA Collective members, and New York Rule 23 Class members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims. The Named Plaintiffs, FLSA Collective members, and New York Rule 23 Class members are hereby enjoined from prosecuting any Released Claims against any Defendants or Released Parties.

16. The Settlement Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Settlement Agreement and all matters ancillary to the same.

17. The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this or any other action may proceed as a collective action under FLSA section 216(b), or a class action under Rule 23 of the Federal Rules of Civil Procedure, or for any purpose other than settlement.

18. By agreeing to this settlement, Defendants do not waive any otherwise enforceable arbitration agreement(s) (including but not limited to any applicable, class, collective and/or representative waiver) with Named Plaintiffs, any Settlement Class member or anyone else, and this Agreement and the settlement of this action may not be used as evidence of and shall not constitute waiver in any other proceeding of any applicable arbitration agreement(s).

19. This Final Approval Order and the Settlement Agreement are binding on all Participating Class members, including all Named Plaintiffs, the FLSA Collective members, and the New York Rule 23 Class members who were not validly excluded as set forth above.

20. For good cause shown, this Civil Action is **DISMISSED IN ITS ENTIRETY, ON THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of

Civil Procedure, without costs to any party except to the extent otherwise expressly provided in the Settlement Agreement.  **The Clerk shall mark this case as closed.**

**So ORDERED:**

Dated: December 2, 2022
      New York, New York

                                                      J. PAUL OETKEN
                                              United States District Judge